# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL LAMAR WIGGINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-536-SLP |
| DELYNN FUDGE, et al., | ) |
| Defendants.[1] | ) |

## O R D E R

Before the Court is the Supplemental Report and Recommendation (R&R) [Doc. No. 16] issued by United States Magistrate Judge Gary M. Purcell upon referral of this matter. *See* 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell conducted an initial screening pursuant to 28 U.S.C. § 1915A and recommends dismissal of Plaintiff's claims.[2] Plaintiff has filed an Objection [Doc. No. 17]. The Court must now make a de novo determination of the portions of the R&R to which objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

---

[1] Defendant Fudge was replaced by Steven Bickley as the Executive Director of the Oklahoma Pardon and Parole Board. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bickley is substituted for Defendant Fudge in her official capacity.

[2] The R&R also references 28 U.S.C. § 1915(e)(2)(B) as grounds for screening. However, that provision governs in forma pauperis proceedings. Plaintiff has paid the full filing fee and is not proceeding in forma pauperis.

I.   **Background**

Plaintiff, an Oklahoma inmate appearing pro se, brings this action under 42 U.S.C. § 1983 for alleged constitutional violations related to his Oklahoma parole. Plaintiff is serving a life sentence for a 1988 first-degree-murder conviction entered in Case No. CF-1988-3965, District Court of Oklahoma County, State of Oklahoma.

Magistrate Judge Purcell references review of the "sufficiency of the Complaint" and further references Plaintiff's claims asserted in his Second Amended Complaint. *See* R&R at 1, 4; *see also id*. at 8 ("[I]n the interest of judicial efficiency, the undersigned addresses the claims asserted in both the Complaint and the Second Amended Complaint."). Judge Purcell construed Plaintiff's filings to raise due process and equal protection challenges to his parole consideration and to also challenge the frequency of Plaintiff's parole consideration on ex post facto grounds. He recommended dismissal of the claims for failure to state a violation of Plaintiff's constitutional rights.[3] Alternatively, he recommended the claims be dismissed as untimely.

In his Objection, Plaintiff states the Second Amended Complaint filed August 30, 2019 supersedes his Original Complaint and that he brings a "sole [due process] claim" in this action. *See* Obj. at 3. Moreover, Plaintiff objects only to the findings in the R&R related to the "sole" due process claim raised in his Second Amended Complaint.

---

[3] The Magistrate Judge noted that whether Plaintiff's claims arise under § 1983 or are more properly construed as claims brought pursuant to 28 U.S.C. § 2241 is not determinative, as Plaintiff has "failed to assert a viable constitutional challenge to Oklahoma's parole procedures." R&R at 5.

In support of his due process challenge, Plaintiff argues Defendants have violated state law requirements governing parole and, in particular, Oklahoma's Truth in Sentencing Act, Okla. Stat. tit. 57, § 332.7.[4] Plaintiff argues the Act includes sentencing matrices and requires the Oklahoma Pardon and Parole Board (Board) to determine what sentence a prisoner would have received under the matrices. Plaintiff further argues the Act includes language demonstrating that certain parole hearing procedures are not discretionary, but mandatory, giving rise to a liberty interest.[5] For the reasons set forth, Plaintiff's arguments lack merit and his attempt to establish a liberty interest subject to due process protections is to no avail.[6]

## II. Discussion

The Oklahoma statutes governing parole create no liberty interest as the decision whether to grant parole to an inmate "lies firmly within the discretion of the Board, the Department of Corrections, and/or the governor. *Koch v. Daniels*, 296 F. App'x 621, 627 (10th Cir. 2008) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1213-15 (10th Cir. 2005)); *see also Clark v. Fallin*, 654 F. App'x 385, 388 (10th Cir. 2016) (the Tenth Circuit has

---

[4] Plaintiff also purports to invoke 34 U.S.C. § 12101 as a basis for relief. That federal statutory provision relates to federal funding grants for Violent Offender Incarceration and Truth-in-Sentencing incentives. The statutory provision does not give rise to any cause of action or otherwise implicate Plaintiff's due process rights.

[5] Plaintiff's claims are very similar to those raised by another Oklahoma inmate and recently rejected by this Court. *See Metoyer v. Fudge*, No. CIV-19-406-SLP, 2019 WL 3412912 (W.D. Okla. July 29, 2019), *aff'd,* No. 19-6124, 2019 WL 6652004 (10th Cir. Dec. 6, 2019).

[6] Plaintiff also objects to the Magistrate Judge's finding that his due process claim is untimely. *See* Obj. at 7. Because the Court finds Plaintiff has not stated a violation of his constitutional rights, the Court deems it unnecessary to address the statute of limitations issue.

"repeatedly concluded" that Oklahoma's parole system does not create "a liberty interest that would be protected by the Constitution's guarantee of due process).

Nonetheless, Plaintiff argues that the Act requires the Oklahoma Pardon and Parole Board (Board) to implement a procedure to determine what sentence Plaintiff would have received under the applicable matrices of the Act. As the Tenth Circuit has explained the Act "originally included matrices of sentencing ranges for various crimes." *Seegars v. Ward,* 124 F. App'x 637, 638 (10th Cir. 2005). "Although the Oklahoma legislature soon repealed the sentencing matrices, the matrices are still used in calculating parole eligibility dates." *Id.* (citing Okla. Stat. tit. 57, § 332.7(A)(3)).

Plaintiff does not argue his parole eligibility date has been improperly determined and "it is clear that the sole purpose of any recalculation [of Plaintiff's sentence under the Act] is to determine the date upon which the inmate becomes eligible for parole consideration." *Campbell v. Province*, No. CIV-06-382-RAW, 2008 WL 268186 at *3 (E.D. Okla. Jan. 29, 2008) (unpublished op.); *see also Seegars*, 124 F. App'x at 638-39 (rejecting argument that the Act's language requiring procedures for determining "what sentence the person would have received under the applicable matrix" gave prisoner the right to have his life sentence modified to a determinable number of years; the statute's language "focus[es] exclusively on the calculation of parole eligibility dates").

To the extent Plaintiff further argues that he has a due process right to certain procedures being followed during his parole consideration, that claim also fails. The Tenth Circuit has rejected similar arguments. *See Clark*, 654 F. App'x at 388 (rejecting Oklahoma prisoner's challenge to the denial of parole "as well as the *process* by which"

4

he was denied parole on grounds no liberty interest in parole exists under Oklahoma law); *Jackson v. Standifird*, 503 F. App'x 623, 625 (10th Cir. 2012) (because Oklahoma prisoner had no liberty interest in parole, he could not make a claim for a denial of procedural or substantive due process); *Koch*, 296 F. App'x at 628 (explaining that where a prisoner has no constitutionally-protected liberty interest in parole, there are no "constitutionally-protected interests in the process at issue"); *Hunter v. Beck*, 244 F. App'x 848, 852 (10th Cir. 2007) (rejecting argument that statutory language mandating processes that might give a prisoner legitimate expectations in receiving a parole hearing did not create a constitutionally-protected liberty interest).

As stated, Plaintiff does not challenge any other findings set forth in the R&R. The Court has addressed the specific issues raised by the Objection as to his "sole due process claim" and finds review of all other issues waived.[7]

## III. Conclusion

In summary, upon de novo consideration of the issues raised by Plaintiff's Objection, the Court finds that the Second Amended Complaint fails to state any claim upon which § 1983 relief can be granted. For these reasons, and as further set forth in the R&R, the action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED as set forth herein. This action is DISMISSED. A separate judgment of dismissal shall be entered.

---

[7] Even had Plaintiff raised objections to the additional claims rejected in the R&R, the Court finds those claims would fail for the reasons set forth in the R&R.

IT IS SO ORDERED this 16th day of December, 2019.

*[Signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE